People v Shehi (2020 NY Slip Op 07107)





People v Shehi


2020 NY Slip Op 07107


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05470
2018-12648
 (Ind. No. 1522/15, 1605/15)

[*1]The People of the State of New York, respondent,
v
Sutki Shehi, appellant.


Janet E. Sabel, New York, NY (Laura Boyd of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J.
Dennehy of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Martin P. Murphy, J.), both rendered April 12, 2016, convicting him of burglary in the third degree under Indictment No. 1522/15, and criminal sale of a controlled substance in the third degree under Indictment No. 1605/15, upon his pleas of guilty, and imposing sentences. By decision and order dated July 1, 2020, this Court remitted the matter to the Supreme Court, Kings County, to hear and determine whether the defendant should be afforded youthful offender treatment and thereafter for the submission of a report by the Supreme Court advising this Court of its determination. The appeals were held in abeyance pending receipt of a report from the Supreme Court. A report dated October 13, 2020, has been received by this Court.
ORDERED that the judgments are reversed, on the law, the convictions are deemed vacated and replaced with findings that the defendant is a youthful offender (see CPL 720.20[3]), and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with CPL 720.35.
Pursuant to this Court's decision and order dated July 1, 2020, the parties appeared before the Supreme Court on September 30, 2020, at which time the court heard the arguments of counsel and reviewed relevant documents, including the presentence report. In its report dated October 13, 2020, the Supreme Court determined that the defendant should be afforded youthful offender treatment. "'The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case'" (People v Hargrove, 186 AD3d 855, 855-856, quoting People v McEachern, 163 AD3d 850, 851). "In making such a determination, factors to be considered by the court include 'the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Marcel G., 183 AD3d 667, 668, quoting People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
Here, upon remittal, the Supreme Court determined, in the exercise of its discretion, that the defendant should be afforded youthful offender treatment. Accordingly, we reverse the judgments, deem the convictions vacated, replace them with findings that the defendant is a youthful offender (see CPL 720.20[3]), and remit the matter to the Supreme Court, Kings County for further proceedings in accordance with CPL 720.35.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court